UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOSEPH R. ROCHA            :
                                      :
        v.                     :       C.A. No. 10-06S
                                        :
FRANK DOUGHERTY          :

## MEMORANDUM AND ORDER

Pending before the Court for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72) is Plaintiff's Motion to Remand this case to Rhode Island Superior Court. (Document No. 3). Defendant objects. (Document No. 6). A hearing was held on March 15, 2010. For the following reasons, Plaintiff's Motion to Remand is DENIED.

### Background

Plaintiff commenced this action in Superior Court in early December 2009. He alleges that he was employed by Peter Pan Bus Lines, Inc. as a motor coach operator from September 2, 2006 until he was "discharged without just cause" on December 10, 2007. (Document No. 1-2, ¶¶ 1-2). He claims that the Defendant, Frank Dougherty, "as general manager of Peter Pan/Bonanza, Providence, RI, engaged in willful and deliberate misconduct leading to the unlawful termination of [his] employment." Id., ¶ 3. He also claims that Dougherty acted with "malice" and "provided unsubstantiated evidence and perjured testimony at several hearings and legal proceedings, including arbitration." Id., ¶¶ 4, 5. Finally, "Plaintiff contends that [Dougherty] violated the collective

bargaining agreement" and "[b]y reason of such wrongful discharge, [he] has been damaged in the sum of $300,000...." Id., ¶¶ 7, 9.[1]

On January 7, 2010, Defendant filed a Notice of Removal of Plaintiff's action from Superior Court to this Court alleging the presence of federal question subject matter jurisdiction under 28 U.S.C. § 1331.  Defendant argues that the resolution of Plaintiff's claims, in particular, his claims that he was "discharged without just cause" and that "Defendant violated the collective bargaining agreement," "necessitates analysis and interpretation of the collective bargaining agreement" between Plaintiff and his former employer, Peter Pan Bus Line, Inc. (Document No. 1, ¶ 5(c)).  Thus, Defendant asserts that Plaintiff's claims are either federal claims under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 or state law claims preempted by Section 301.

**Discussion**

Dougherty, as the party seeking removal, bears the burden of demonstrating the existence of federal question jurisdiction.  See College of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co., 585 F.3d 33, 39 (1st Cir. 2009); and Cardillo, 360 F. Supp. 2d at 414.  Generally, the exercise of federal question jurisdiction is governed by the "well pleaded complaint rule" which requires that the federal claim "must be ascertainable on the face of the plaintiff's complaint."  Narragansett Indian Tribe of R.I. v. State of Rhode Island, 296 F. Supp. 2d 153, 159 (D.R.I. 2003).  Plaintiff does

---

[1] On December 4, 2009, Plaintiff filed a nearly identical wrongful discharge Complaint in this Court against Peter Pan Bus Line, Inc., his former employer and Mr. Dougherty's employer, alleging the existence of federal subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.  Although Plaintiff could have named Dougherty as a co-Defendant in his federal case against Peter Pan under the supplemental jurisdiction statute (28 U.S.C. § 1367), supplemental jurisdiction does not provide an independent basis for Dougherty to remove that same claim to federal court.  See Cardillo v. Cardillo, 360 F. Supp. 2d 402, 414-417 (D.R.I. 2005).

not expressly state a federal claim, and his claim appears to be a state common law claim for "wrongful discharge."  However, there is an exception to the well-pleaded complaint rule in cases where a plaintiff brings state law claims in a field which is completely preempted by federal law, such as Section 301 of the LMRA.  Magerer v. John Sexton & Co., 912 F.2d 525, 528 (1st Cir. 1990).  To meet its burden of establishing removal based on complete preemption, Dougherty must make a "colorable" showing that Plaintiff's claims against him are preempted by Section 301.  Alfieri v. Koelle, 2007 WL 966745 1,*2 (D.R.I. March 29, 2007).

"Section 301 of the LMRA empowers federal courts to hear disputes between unions and employers over contract violations."  Warner v. Atkinson Freight Lines Corp., 350 F. Supp. 2d 108, 115 (D.Me. 2004) (citing 29 U.S.C. § 185(a)).  It preempts a state-law claim "if the resolution of [that] claim depends upon the meaning" of a union contract covered by Section 301.  Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-406 (1988).  The Supreme Court has interpreted Section 301 as "a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts [so that] doctrines of federal labor law [may] uniformly prevail over inconsistent local rules."  Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209-210 (1985).  In the First Circuit, a state common law claim can "depend" on the meaning of a Section 301 contract in two ways.  Flibotte v. Penn. Truck Lines, Inc., 131 F.3d 21, 26 (1st Cir. 1997).  A claim may depend on a Section 301 contract (1) because "it alleges conduct that arguably constitutes a breach of a duty that arises pursuant to" such contract or (2) because "its resolution arguably hinges upon an interpretation of" such contract.  Id. (citing United Steelworers of Am. v. Rawson, 495 U.S. 362, 369 (1990); and Allis-Chalmers, 471 U.S. at 220).  If a state common law

claim depends on the meaning of a Section 301 contract, such as a collective bargaining agreement, in either of these two ways, it is preempted by Section 301.

Here, under either of these two preemption tests, Plaintiff's claims against Dougherty, his former supervisor, for "wrongful discharge" are preempted by Section 301. Plaintiff alleges that he was "discharged without just cause" and that Dougherty "violated the collective bargaining agreement." (Document No. 1-2, ¶¶ 2, 7). He also claims that Dougherty, "as general manager" of Peter Pan, engaged in misconduct and provided unsubstantiated evidence and perjured testimony at several hearings and legal proceedings, including arbitration. Id., ¶¶ 3, 4. He further indicates that he objected to the "unfair, impartial and unjust manner with which the proceedings were being conducted" but "submitted to the arbitration process only because having been advised by the union and union attorney that it was required that plaintiff exhaust all remedies available." Id., ¶ 8. Finally, Plaintiff alleges that the arbitrator ruled that the collective bargaining agreement was violated. Id. However, it appears from the union's arbitration brief (Document No. 3-5) and the arbitrator's award (Document No. 3-6) submitted to the Court by Plaintiff that the arbitrator did not grant him the unconditional reinstatement with full back pay and benefits he demanded. In particular, the arbitrator awarded no back pay and placed a condition on job reinstatement of participating in an anger management program. (Document No. 3-6).

At the hearing, Plaintiff argued that his claims against Dougherty were "independent" of the union contract and that there is no "umbrella" under federal labor law that allows perjury, intimidation or threats. However, the test applicable in the removal context is not whether Dougherty's alleged conduct falls under any federal labor law "umbrella" but rather it is the "colorability test" which only requires a showing that it is "plausible" that the resolution of

Plaintiff's claims depend upon the meaning of the union contract. <u>Alfieri</u>, 2007 WL 966745 at *2. In <u>Alfieri</u>, a former unionized employee brought a claim in state court against his former supervisor alleging that the supervisor tortiously interfered with his employment contract in several ways including making false and disparaging representations regarding his work performance which caused the termination of his employment. <u>Id.</u> at *1. The supervisor removed the case to federal court on the basis of Section 301 preemption and the former employee moved to remand. <u>Id.</u> Chief Judge Lisi of this Court applied the "colorability test" and denied the former employee's motion to remand the case to state court. <u>Id.</u> at *2. She concluded that it was at least plausible that the former employee's state law tort claim would require the Court to interpret the union contract and thus the former employee's complaint raised a colorable federal question under Section 301 of the LMRA. <u>Id.</u>

Applying the "colorability test" to Plaintiff's Complaint in this case, the test is easily met given the direct connection and interrelation of Plaintiff's claims, the union contract and the contractual arbitration process. <u>See</u> <u>Gallaty v. United Parcel Serv., Inc.</u>, No. CIV.A. 01-2493, 2002 WL 1268401 at *4 (E.D. La. June 5, 2002) (holding that unionized employee's state law wrongful discharge claim against his former employer and supervisor was "inextricably intertwined" with the collective bargaining agreement and thus preempted by Section 301). In fact, Plaintiff directly alleges that he was discharged "without just cause," that Dougherty engaged in misconduct in connection with the arbitration process and, in particular, that Dougherty violated the collective bargaining agreement. He also alleges that the contractual arbitration proceedings were conducted in an unfair, impartial and unjust manner. Accordingly, it is at least plausible, if not likely, that the resolution of Plaintiff's claims will depend upon the interpretation of the collective bargaining

agreement between the union and Peter Pan, Dougherty's employer, which applied to Plaintiff's former employment.  See Manzella v. United Parcel Servs., Inc., No. CIV.A. 02-1800, 2002 WL 31040170 at *7 (E.D. La. Sept. 10, 2002) (holding that unionized employee's intentional infliction of emotional distress claim against his former supervisor was preempted by Section 301); and Lemacks v. Consolidated Freightways Corp. of Delaware, No. Civ.A. 1:95-2117-6, 1997 WL 998323 at *9 (D.S.C. July 16, 1997) (holding that unionized employee's wrongful discharge claim was preempted by Section 301 where he alleged a breach of the collective bargaining agreement and challenged the manner in which his discharge from employment was handled).  Thus, Dougherty, as the removing party, has met his burden of showing a colorable basis for federal question jurisdiction based on Section 301 preemption.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to Remand this case to Rhode Island Superior Court (Document No. 3) is DENIED.


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 19, 2010